BLD-229                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1618
_____

FRANK NELLOM,
                                        Appellant

v.

AQUA PENNSYLVANIA, INC; JOHN KENNEDY
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-16-cv-01454)
District Judge: Honorable Cynthia M. Rufe
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
June 7, 2018

Before: RESTREPO, BIBAS, and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Filed: June 20, 2018)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Frank Nellom appeals the District Court's order denying his motion to file an amended complaint. For the reasons set forth below, we will summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

In March 2016, Nellom filed a complaint in the District Court. The complaint was vague and lacked critical information. Nellom named as defendants Aqua Pennsylvania, Inc., and John Kennedy and referred to a proceeding before the Pennsylvania Public Utility Commission, but he did not clearly identify the defendants' alleged wrongdoing or explain the basis for the District Court's jurisdiction.

On April 7, 2016, the District Court dismissed the complaint with leave to file an amended complaint within 30 days. The Court specifically instructed Nellom that an amended complaint should describe "(1) the specific statutory basis for federal court jurisdiction over this case; (2) the specific events which serve as the basis for his claims, and the dates on which these events took place; (3) how each of the defendants is involved in his claims; and (4) the harm he suffered, if any, from each violation."

Nellom did not amend his complaint within the 30-day period prescribed by the District Court. Instead, in February 2018, he filed a motion to file an amended complaint. The proposed amended complaint was again vague and terse, and did not provide the information identified in the District Court's prior order. The District Court denied the motion, explaining that Nellom "did not comply with the Court's earlier Order: he delayed more than 21 months in seeking to amend, and the proposed amended complaint does not set forth any facts from which the Court may discern what claims

Plaintiff seeks to bring against Defendants . . . or whether the Court has jurisdiction."

Nellom then filed a notice of appeal to this Court.

We have jurisdiction pursuant to 28 U.S.C. § 1291 over the District Court's order denying the motion to amend.[1] We review the District Court's denial of leave to amend for abuse of discretion. See Connelly v. Steel Valley Sch. Dist., 706 F.3d 209, 217 (3d Cir. 2013).

The District Court did not abuse its discretion. Courts may refuse to allow amendment due to "undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment." Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); see also Jang v. Boston Sci. Scimed, Inc., 729 F.3d 357, 367-68 (3d Cir. 2013). As the District Court explained, these factors supported denying leave to amend here. First, Nellom waited, without explanation, 22 months to file his amended complaint, flouting the Court's 30-day deadline. See generally Cureton v. Nat'l Collegiate Athletic Ass'n, 252 F.3d 267, 274 (3d Cir. 2001) (discussing undue delay). Moreover, even at this late date, Nellom did not meaningfully address the flaws in his initial complaint. He has neither clearly defined his claims nor identified a basis for the District Court's jurisdiction. See generally Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000) ("'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could

---

[1] We lack jurisdiction to review the District Court's April 7, 2016 order dismissing the complaint with leave to amend. That order became final at the expiration of the 30-day amendment period, see Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 n.5 (3d Cir. 1992), and Nellom did not file his notice of appeal within 30 days of that date, which is a jurisdictional requirement, see Fed. R. App. P. 4(a)(1)(A); Bowles v. Russell, 551 U.S. 205, 214 (2007).

3

be granted.").  In these circumstances, the District Court did not abuse its discretion in denying leave to amend.

Accordingly, we will summarily affirm the District Court's judgment.